UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| IRONSHORE SPECIALTY INSURANCE COMPANY, | CASE NO. 2:21-cv-01272–DDP-AS<br>[Related to: 2:19-cv-06964-DDP-AS] |
|---|---|
| Plaintiff, | Assigned to Hon. Dean D. Pregerson<br>Courtroom: 9C |
| vs. | |
| UNIVERSITY OF SOUTHERN CALIFORNIA, and GEORGE M. TYNDALL, | [~~PROPOSED~~] **PROTECTIVE ORDER OF IRONSHORE SPECIALTY INSURANCE COMPANY, THE UNIVERSITY OF SOUTHERN CALIFORNIA, AND DR. GEORGE M. TYNDALL** |
| Defendants. | |

To protect confidential information obtained by Plaintiff Ironshore Specialty Insurance Company ("Ironshore"), Defendant the University of Southern California ("USC"), and Dr. George M. Tyndall (each, a "Party," collectively, the "Parties") in connection with the above-captioned action ("Action"), the Court enters this Protective Order, as follows:

**I.      PURPOSES AND LIMITATIONS**

A.      Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the Parties hereby petition the Court to enter the following Protective Order.

B.      The Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the information or items that are entitled to protection as provided herein and/or under the applicable legal principles.

C. The Parties further acknowledge, as set forth in Section XIII(C), below, that this Protective Order does not necessarily entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

## II. GOOD CAUSE STATEMENT

A. This Action arises out of litigation against USC, its Board of Directors, and/or its former employee, Dr. Tyndall, in which it is or was alleged that Dr. Tyndall sexually abused, harassed, or discriminated against student-patients (the "Tyndall Litigation," as further defined below). Due to the sensitive nature of some of the discovery in the Tyndall Litigation, protective orders have been entered in those actions, and confidentiality agreements and/or protective orders are also in place in other matters, such as arbitrations and mediations, related to the Tyndall Litigation. The Parties agree that appropriate protections should be put in place in this Action to protect the privacy interests of the Parties, third-parties, and other persons involved in the Tyndall Litigation.

B. This Action is also likely to involve confidential and/or proprietary business information for which special protection from public disclosure and from use for any purpose other than prosecution of this Action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information, such as pricing models, underwriting policies and practices, and insurance offered and provided to non-parties. This information, and information concerning USC students and patients, including protected health information, involves privacy rights of the Parties and third parties.

2
**PROTECTIVE ORDER**

489545.4

C. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the Action, and serve the ends of justice, a protective order for such information is justified in this Action.

D. It is the intent of the Parties that information will not be designated as provided herein for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## III. DEFINITIONS

A. <u>Action</u>: <u>Ironshore Specialty Insurance Company v. University of Southern California, et al.</u>, Civ. A. No. 2:21-cv-01272.

B. <u>Ironshore Policies</u>: Policy numbers 001727903 and 001727904 issued by Ironshore Specialty Insurance Company.

C. <u>"ATTORNEYS' EYES ONLY" Information or Items</u>: CONFIDENTIAL Information or Items, as defined below, the disclosure of which to any Party or that Party's personnel, other than the Party or the personnel of the Party producing or designating it, is likely to cause substantial and irreparable injury to the business of the producing or Designating Party or the privacy rights of third parties.

D. <u>Challenging Party</u>: A Party or Non-Party that challenges the designation of information or items under this Protective Order.

489545.4

E. "CONFIDENTIAL" Information or Items: Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), the Designating Party reasonably believes in good faith is entitled to confidential treatment under applicable law, or is as specified in this Protective Order.

F. Counsel: Outside Counsel of Record and In-House Counsel (as well as their support staff).

G. Designating Party: A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

H. Disclosure or Discovery Material: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

I. Expert: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

J. In-House Counsel: Attorneys who are employees of a Party to this Action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

K. Non-Party: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

L. Outside Counsel of Record: Attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party, and includes support staff.

M. <u>Party</u>: Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

N. <u>Producing Party</u>: A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

O. <u>Professional Vendors</u>: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

P. <u>Protected Material</u>: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

Q. <u>Receiving Party</u>: A Party that receives Disclosure or Discovery Material from a Producing Party.

R. <u>Tyndall Litigation</u>: Litigation for which relief is sought by persons who allege that they were injured by Dr. Tyndall because he sexually assaulted, harassed, or discriminated against them on the basis of gender or race, and/or by USC because it allegedly failed to properly perform its duties in hiring, training, retaining, or supervising Dr. Tyndall. By way of example, the "Tyndall Litigation" includes the actions under the captions <u>In re USC Student Health Center Litigation</u>, C.D. Cal., Civ. A. No. 2:18-4528 and <u>Jane Doe 5 v. Tyndall</u>, Superior Court of Los Angeles County, BC705677, and any other litigation involving allegations concerning Dr. Tyndall's actions as a USC employee for which USC seeks insurance coverage under the Ironshore Policies.

**IV. SCOPE**

A. The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or

5

**PROTECTIVE ORDER**

489545.4

compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

  B. This Protective Order does not govern the use of Protected Material at trial. Instead, the Parties shall meet and confer regarding the procedures for use of any Protected Material at trial and shall move the Court for entry of an appropriate order. Any use of Protected Material at trial shall be governed by the orders of the trial judge.

## V. DURATION

  A. Even after final disposition of this litigation, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; or (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## VI. DESIGNATING PROTECTED MATERIAL

  A. <u>Exercise of Restraint and Care in Designating Material for Protection</u>

    1. Each Party or Non-Party shall have the right to designate as CONFIDENTIAL or ATTORNEYS' EYES ONLY any information or items the Designating Party in good faith believes to contain non-public information that is entitled to confidential treatment under applicable law. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order.

6
**PROTECTIVE ORDER**
489545.4

2. Mass, indiscriminate, or routinized designations are prohibited.

3. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party will promptly notify all other Parties that it is withdrawing the designation.

B. <u>Manner and Timing of Designations</u>

1. Except as otherwise provided in this Protective Order (see, e.g., Section B(2)(b) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Protective Order must be clearly so designated before the material is disclosed or produced.

2. Designation in conformity with this Protective Order requires the following:

(a) For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material.

(b) A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must

determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" legend to each page that contains Protected Material.

(c) For testimony given in depositions, that the Designating Party identify the Disclosure or Discovery Material on the record, or designate the entirety of the testimony at the deposition as "CONFIDENTIAL" (before the deposition is concluded) with the right to identify more specific portions of the testimony as to which protection is sought within 30 days of the Designating Party's receipt of the deposition transcript.

(d) For information produced in a form other than document and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

C. <u>Inadvertent Failure to Designate</u>

1. If timely corrected, an inadvertent failure to designate information or items as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" as set forth herein shall be without prejudice to any claim that such item is Protected Material and the Designating Party shall not be held to have waived any rights by

8
**PROTECTIVE ORDER**
489545.4

any inadvertent production or failure to designate. Upon the Receiving Party's receipt from the Designating Party of corrected copies of the specified materials, the Receiving Party within ten (10) days shall either (a) destroy the inadvertently undesignated material, and all copies thereof, or (b) return the inadvertently undesignated materials, and all copies thereof, to the Designating Party. The Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order.

  2. Notwithstanding the foregoing, if the Receiving Party Disclosed the inadvertently undesignated material to persons not authorized to receive such information before receipt of the "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" designation, such Disclosure shall not be deemed a violation of this Protective Order. The Receiving Party must nevertheless make reasonable efforts to promptly retrieve the inadvertently undesignated material and shall promptly notify the Designating Party of the distribution and the identity of the person(s) who received the inadvertently undesignated material.

  3. Section XII of this Protective Order, not this provision, is intended to apply to any inadvertent production of any information protected by attorney-client or work product privileges.

 D. <u>Use of Protected Material</u>

  1. Protected Material shall be used by the Receiving Party only for the purposes of preparing for, conducting, participating in, and/or prosecuting and/or defending the Action; and for insurance coverage determinations arising from the claims at issue in the Action and not for any business or other purpose whatsoever.

## VII. CHALLENGING CONFIDENTIALITY DESIGNATIONS

 A. <u>Timing of Challenges</u>

  1. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

B. Meet and Confer

1. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

C. Burden

1. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has withdrawn the confidentiality designation, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**VIII. ACCESS TO AND USE OF PROTECTED MATERIAL**

A. Basic Principles

1. A Receiving Party may disclose Protected Material only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section XIV below.

B. Disclosures of "CONFIDENTIAL" and "ATTORNEYS' EYES ONLY" Information or Items

1. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, CONFIDENTIAL Information or Items shall not be shown, revealed, released, disclosed, or communicated in any way to any person or entity, except to those listed below:

(a) Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) The Parties to the Action and their employees, directors, officers, partners, members or agents;

(c) Experts (as defined in this Protective Order) to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) The Court and its personnel except as provided for in XIII(C);

(e) Clerical or ministerial service providers, including outside copying services, translators, videographers, court reporters, and professional vendors retained by a Party's counsel to assist such counsel in connection with this Action;

(f) Professional jury or trial consultants, and mock jurors who execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) The author, addressees, or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions;

(i) During their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary; provided, however, that the witnesses and their attorneys will not be permitted to keep any confidential information unless they sign the "Acknowledgment and

11
**PROTECTIVE ORDER**

489545.4

Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order;

(j) Such other persons as the Parties may designate in writing by stipulation between the Parties, provided, however, that such persons have signed the "Acknowledgment and Agreement to be Bound" attached as Exhibit A hereto;

(k) A Party's auditors or reinsurers to whom Confidential Information reasonably is required to be disclosed, and provided Counsel for the Party making the disclosure shall deliver a copy of this Protective Order to such person, shall explain that such person is bound to follow the terms of such Protective Order, and shall secure the signature of such person on the "Acknowledgment and Agreement to be Bound" attached as Exhibit A hereto; and,

(l) Regulators to whom Confidential Information is required to be disclosed; the Party making the disclosure shall place a copy of the Protective Order prominently in any file that is delivered or made available to regulators.

2. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, ATTORNEYS' EYES ONLY Information or Items shall not be shown, revealed, released, disclosed, or communicated in any way to any person or entity, except to those listed below:

12
**PROTECTIVE ORDER**

489545.4

(a) Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) In-House Counsel of the Receiving Party (as defined in this Protective Order), as well as other employees of the Receiving Party handing claims and to whom Outside Counsel of Record reports in connection with this Action whether or not they are acting as attorneys in this matter, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Protective Order) to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) The Court and its personnel;

(e) Such other persons as the Parties may designate in writing by stipulation between the Parties, provided, however, that such persons have signed the "Acknowledgment and Agreement to be Bound" attached as Exhibit A hereto;

(f) A Party's auditors or reinsurers to whom ATTORNEYS' EYES ONLY Information reasonably is required to be disclosed, and provided Counsel for the Party making the disclosure shall deliver a copy of this Protective Order to such person, shall explain that such person is bound to follow the terms of such Protective Order, and shall secure the signature of such person on the "Acknowledgment and Agreement to be Bound" attached as Exhibit A hereto; and,

(g) Regulators to whom ATTORNEYS' EYES ONLY Information is required to be disclosed; the Party making the disclosure shall place a copy of the Protective Order prominently in any file that is delivered or made available to regulators.

## IX. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN ANOTHER LITIGATION

A. If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" that Party must:

1. Promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

2. Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

3. Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

B. If the Designating Party timely seeks a protective order or other equivalent protection is sought, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions

should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## X. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

A. The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

B. In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1. Promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2. Promptly provide the Non-Party with a copy of the Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3. Make the information requested available for inspection by the Non-Party, if requested.

C. If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the

15
**PROTECTIVE ORDER**

489545.4

confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## XI. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (1) notify in writing the Designating Party of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the Protected Material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) request such person or persons to execute the "Acknowledgment and Agreement to be Bound" that is attached hereto as Exhibit A.

## XII. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the Parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the Parties may incorporate their agreement in the Protective Order submitted to the Court.

/ / /

/ / /

489545.4

# XIII. MISCELLANEOUS

## A. Right to Further Relief

1. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future. The Parties expressly reserve the right to move to modify this Order.

## B. Right to Assert Other Objections

1. This Protective Order shall not:
    (a) operate as or constitute a waiver of any attorney-client, work product or other privilege;
    (b) prejudice in any way the rights of any person to object to the production of documents they consider not subject to discovery;
    (c) prejudice in any way the rights of any person to object to the responsiveness, authenticity, competency, relevancy, materiality, or admissibility into evidence of any document, testimony or other evidence subject to this Protective Order;
    (d) prejudice in any way the rights of any person to seek protections beyond or greater than that provided in this Protective Order; or
    (e) operate as an admission by any person that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be "CONFIDENTIAL" OR "ATTORNEYS' EYES ONLY."

489545.4

C. Filing Protected Material

A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may publicly file only that portion of the Protected Material deemed not to be protected, unless otherwise ordered by the Court.

D. Additional Reservation

Nothing in this Protective Order is intended to authorize or permit the disclosure or production in the present action of any document or information in the possession of any party that the party received under the terms of a separate protective or confidentiality agreement order entered into in another civil or criminal action, absent compliance with the terms and conditions of the applicable protective orders and/or confidentiality agreements, or as otherwise compelled by law.

## XIV. FINAL DISPOSITION

A. After the final disposition of this Action, as defined in Section V., each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) within 60 days of the final disposition that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. If the information/documents are stored electronically and it would be

18
**PROTECTIVE ORDER**
489545.4

impractical to try to destroy or remove all copies of them, the Receiving Party shall take reasonable steps to terminate any access to their contents or otherwise to continue to protect their confidentiality.

      B.    Notwithstanding this provision, Counsel are entitled to retain in possession (not to be delivered to any client) an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section V. In addition, the Parties are entitled to retain Protected Material only to the extent and the duration as required under any applicable statutes and regulations.

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated: July 14, 2021            / s / Sagar
HONORABLE ALKA SAGAR
United States Magistrate Judge

19
**PROTECTIVE ORDER**

489545.4

# EXHIBIT A

# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issue by the United States District Court for the Central District of California on _____, 2021 in the case of IRONSHORE SPECIALTY INSURANCE COMPANY v. UNIVERSITY OF SOUTHERN CALIFORNIA, and GEORGE M. TYNDALL, Case No. 2:21-cv-01272–DDP (ASx). I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of the Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [full name] of _____ [full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____